IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID M. POARCH; R BRETT KRAMER, individually and as trustee of the R. Brett Kramer Trust B; and PJ Oil LLC, On Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNIT CORPORATION,<br><br>Defendants. | Case No. CIV-23-798-PRW |

**UNIT CORPORATION'S REPLY TO PLAINTIFFS'
OPPOSITION TO UNIT CORPORATION'S MOTION TO DISMISS
UNDER FED. R. CIV. P. 12(B)(3) AND 12(B)(6) AND 28 U.S.C. § 1406**

Unit Corporation, the Defendant, by its undersigned counsel, replies to the *Plaintiffs' Opposition to Unit Corporation's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3) and 12(b)(6) and 28 U.S.C. § 1406*.[1] Unit Corporation notes that at no point in their Opposition do Plaintiffs contest that the Texas Bankruptcy Court has jurisdiction to hear the dispute alleged in the Plaintiffs' Complaint, and Plaintiffs actually concede that the Texas Bankruptcy Court has jurisdiction that "is concurrent with this Court's jurisdiction." Unit Corporation offers this limited reply to provide rebuttal authority supporting its position that the Texas Bankruptcy Court has *exclusive* jurisdiction over the allegations in Plaintiffs' Complaint.[2]

---

[1] Unless otherwise indicated, capitalized terms shall have the meanings ascribed to them in Unit Corporation's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(3) and 12(b)(6) and 28 U.S.C. § 1406 at Docket No. 24.

[2] Unit Corporation notes that its *Motion for an Order Enforcing the Confirmation Order* before the Texas Bankruptcy Court has been set for a hearing on January 29, 2024. Unit Corporation attached that motion as an exhibit to its *Motion to Dismiss* in this case at Doc. No. 29-2. Unit Corporation's reply to that objection is attached here as Exhibit A.

1

Under 28 U.S.C. § 157(b)(2)(L), "confirmations of plans" are core bankruptcy proceedings "arising under" the Bankruptcy Code pursuant to 28 U.S.C. § 1334(a), yet the Plaintiffs base their entire argument and cite case law related only to proceedings "arising in" cases under 28 U.S.C. § 1334(b) of the Bankruptcy Code. This distinction is crucial. A bankruptcy court has exclusive jurisdiction over many core proceedings, including enforcement of certain of its own orders which is what we are dealing with in this case. "[A] bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including and especially confirmation orders." *In re Lyondell Chem. Co.*, 445 B.R. 277, 287 (Bankr. S.D.N.Y. 2011). "I will enforce the Confirmation Order and the Plan in accordance with the provisions of each, exercising my **exclusive** jurisdiction to do so." Id. at 279 (emphasis supplied). In the *Lyondell* case, the bankruptcy judge found exclusive jurisdiction existed over a post-confirmation dispute because the confirmed plan provided that it did. *Id*. at 279. "[T]he bankruptcy court had **exclusive** jurisdiction to interpret and enforce its Plan and Confirmation Order." *In re Palmaz Sci. Inc*., 562 B.R. 331, 335 (Bankr. W.D. Tex. 2016) (emphasis supplied) quoting *In re Birting Fisheries, Inc*., 300 B.R. 489, 501 (9th Cir. BAP 2003).

Unit Corporation believes, as a matter of law, that Plaintiffs do not have a colorable breach of contract or plan violation claim because Unit Corporation timely modified its chapter 11 plan within the scope of the plan itself and the order confirming that plan. At best, Plaintiffs have a claim (that Unit Corporation disputes) that Unit Corporation improperly modified the chapter 11 plan, and the issue of whether or not Unit Corporation improperly modified its chapter 11 plan is a core dispute and thus subject to the exclusive jurisdiction of the Texas Bankruptcy Court. "Generally, bankruptcy courts have original and exclusive jurisdiction of all cases under title 11 [pursuant to] 28 U.S.C. § 1334(a)." *In re Kake Tribal Corp*., 2023 WL 6152638, at *7 (Bankr. D.

Alaska Sept. 19, 2023). "For example, core proceedings include but are not limited to: plan confirmation." *Id*.

The case cited prominently by the Plaintiffs for their reliance on § 1334(b), *In re Nu-Cast Step & Supply, Inc.*, 639 B.R. 440 (Bankr. E.D. Mich. 2021), is easily distinguishable and makes our point. In *Nu-Cast*, a bankruptcy court determined that non-exclusive § 1334(b) jurisdiction existed over a dispute whereby the buyer of a debtor's assets pursuant to a stipulated-to bankruptcy order sued a business competitor over intellectual property rights and the business competitor disagreed, arguing that the sale order in the bankruptcy court did not actually transfer any intellectual property to the buyer. *Id*. at 443. That fact pattern is nothing like the instant case. The dispute in *Nu-Cast* was between a non-debtor party to an uncontested bankruptcy sale order and a third-party with no involvement in the bankruptcy case. Here, the dispute is over the language of a contested bankruptcy plan and confirmation order. The *Nu-Cast* court itself explained why this distinction is crucial: "Judge Shefferly's **exclusive** jurisdiction over the Debtor's bankruptcy case emanated from 28 U.S.C. § 1334(a) because he presided over the Debtor's entire bankruptcy case—which was a 'case under title 11' within the meaning of 28 U.S.C. § 1334(a) over which the federal district court had exclusive jurisdiction." Id. at 450 (emphasis supplied). The relief that the Plaintiffs are seeking necessarily requires consideration of the making of the Confirmed Plan and Confirmation Order—indeed, it requires that the Releases and the Injunction be rendered invalid. Because such an extraordinary request implicates the function of the actual bankruptcy case itself–a § 1334(a) issue—the Texas Bankruptcy Court must decide it.

That jurisdiction over this dispute would lie with the Texas Bankruptcy Court is also a matter of common sense. The Texas Bankruptcy Court considered the chapter 11 plan, presided over the chapter 11 plan, and entered an order confirming the chapter 11 plan. This dispute will

include highly technical bankruptcy-specific issues that uniquely fall within the realm of the bankruptcy court.

Respectfully submitted,

/s/ L. Vance Brown
Eric Huddleston, Esq.
L. Vance Brown, Esq.
**Elias, Books, Brown & Nelson, P.C.**
Two Leadership Square
211 North Robinson, Suite 1300
Oklahoma City, OK 73102-7149
ehuddleston@eliasbooks.com
vbrown@eliasbooks.com
Tel: 405-208-8555

Of Counsel:

**FROST BROWN TODD LLP**

T. Ray Guy, Esq.[*]
Mark A. Platt, Esq.[*]
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201
Telephone:     (214) 580-5852
Facsimile:      (214) 545-3472
Email:            mplatt@fbtlaw.com

Kenneth R. Breitbeil, Esq.[*]
4400 Post Oak Parkway, Suite 2850
Houston, TX 77027
Telephone:     (713) 590-9330
Facsimile:      (713) 824-7003
Email:            kbreitbeil@fbtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Robert J. Bartz

                                              */s/ L. Vance Brown*
                                              L. Vance Brown

0155872.0780738   4886-8268-7646v3