# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Unit Petroleum Company ) | |
| ) | |
| Reorganized Debtor.[1] ) | Case No. 20-32738 |
| ) | |
| ) | |

## UNIT CORPORATION'S REPLY TO THE RESPONSE IN OPPOSITION TO THE MOTION FOR AN ORDER ENFORCING THE CONFIRMATION ORDER

Unit Corporation, the Reorganized Debtor (the "Reorganized Debtor"), by its undersigned counsel, hereby replies to the *Response in Opposition to Unit Corporation's Motion for an Order Enforcing the Confirmation Order* (Doc. No. 166, the "Response") filed by David M. Poarch, R., R. Brett Kramer, individually and as trustee of the R. Brett Kramer Trust B, and PJ Oil LLC (collectively, the "Oklahoma Plaintiffs"). Critically, the Oklahoma Plaintiffs' Response misstates and/or misapplies the timeline in this chapter 11 case, resulting in a mischaracterization of this Court's jurisdiction.

### A. The Response Misstates the Timeline of this Chapter 11 Case [2]

1. In their Response, the Oklahoma Plaintiffs assert that this Court does not have exclusive jurisdiction over this matter because they are merely seeking to recover for breach of the Confirmed Plan. That is procedurally and factually inaccurate. Plaintiffs are, in fact, seeking to

---

[1] Unit Corporation is one of the Reorganized Debtors in the chapter 11 cases that were previously jointly administered under Case No. 20-32740. Pursuant to the Final Decree in that case, Unit Corporation's case is now being jointly administered under this case and under Case No. 20-32738.

[2] Unit Corporation incorporates all of the factual assertions and legal arguments in its *Motion for an Order Enforcing the Confirmation Order* (Doc. No. 164, the "Motion to Enforce"). All capitalized terms in this Reply shall have the meaning ascribed to them in the Motion to Enforce.

1

have a different court in a different jurisdiction enforce what one might call their *reconfigured* plan which never existed, certainly not as of the Effective Date. In Section I, the Oklahoma Plaintiffs ignore events that took place *prior to* the Effective Date. By doing so, they mischaracterize the Oklahoma Complaint as a breach of contract case where the "contract" is the Confirmed Plan, arguing that the Reorganized Debtor has not upheld its side of the bargain by implementing the Confirmed Plan. But to determine the rights of parties pursuant to the Confirmed Plan, the Court must examine *all* of the events that took place through the Effective Date. After such an examination, it becomes clear that, rather than alleging a violation of the Confirmed Plan, the Oklahoma Plaintiffs are alleging that Unit Corporation improperly modified the Confirmed Plan, a question that this Court has exclusive jurisdiction over.[3] The timeline shows that the Confirmed Plan was modified *within* the period allowed by the Confirmed Plan and the Confirmation Order:

  a. June 19, 2020 – Unit Corporation filed the First Revised Plan, which was substantively identical to the Confirmed Plan in all ways relevant to this dispute. The First Revised Plan provided that the Warrant Package would be governed by a Warrant Agreement to be subsequently filed.

  b. July 22, 2020 – Unit Corporation filed the Plan Supplement, which included the form of the Warrant Agreement. The cover page of the Warrant Agreement stated that "this [Warrant Agreement] is not final…[Unit Corporation] reserve[s] the right to alter, amend, modify, or supplement the Plan Supplement… at any time before the Effective Date."[4]

  c. August 3, 2020 – The Confirmed Plan was filed, and was then confirmed by the Court on August 6, 2020 by the Confirmation Order. The Confirmation Order provided that "[Unit Corporation] reserve[s] the right to and may alter, amend, update, or modify the Plan Supplement before the Effective Date, provided that any such alteration, amendment, update, or modification shall be in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the terms of this Confirmation Order."

  d. September 3, 2020 – Unit Corporation executed the Warrant Agreement with certain modifications from its form in the Plan Supplement as contemplated by the Confirmed

---

[3] Indeed, the Oklahoma Plaintiffs alternatively argue in Section II of the Response that the Confirmed Plan was improperly modified.

[4] The Warrant Agreement is the first exhibit to the Plan Supplement.

2

Plan, the Confirmation Order, and the Plan Supplement itself.

e. Also on September 3, 2020 – The Effective date of the Confirmed Plan occurred.

2. The timeline for what the Oklahoma Plaintiffs allege–that Unit Corporation violated the Confirmed Plan–simply does not work. This distinction is not semantic because there are different jurisdictional implications between an alleged violation of chapter 11 plan modification procedures (or a dispute over whether or not a plan was modified), pre-Effective Date, and an alleged violation of a confirmed chapter 11 plan itself.

### B. The Chapter 11 Confirmation Process is a Core Matter Within the Exclusive Jurisdiction of the Court That Issued the Order.

3. The Response contains no discussion of core vs. non-core bankruptcy matters and no attempt to classify whether the dispute before this Court or as raised in the Oklahoma Complaint is a core proceeding or non-core proceeding. This classification makes all of the difference. Under 28 U.S.C. § 157(b)(2)(L), "confirmations of plans" are core bankruptcy proceedings "arising under" the Bankruptcy Code pursuant to 28 U.S.C. § 1334(a), yet the Oklahoma Plaintiffs base their entire argument and cite case law related only to proceedings "arising in" cases under 28 U.S.C. § 1334**(b)** of the Bankruptcy Code. This distinction is crucial because a bankruptcy court does have exclusive jurisdiction over many core proceedings, such as enforcement of certain of its own orders: "[A] bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including and especially confirmation orders." *In re Lyondell Chem. Co.*, 445 B.R. 277, 287 (Bankr. S.D.N.Y. 2011). "I will enforce the Confirmation Order and the Plan in accordance with the provisions of each, exercising my **exclusive** jurisdiction to do so." *Id.* at 279 (emphasis supplied). In the *Lyondell* case, the bankruptcy judge found exclusive jurisdiction existed over a post-confirmation dispute

3

because the confirmed plan provided that it did. *Id.* at 279.[5] "[T]he bankruptcy court had **exclusive** jurisdiction to interpret and enforce its Plan and Confirmation Order." *In re Palmaz Sci. Inc.*, 562 B.R. 331, 335 (Bankr. W.D. Tex. 2016) (emphasis supplied) *quoting In re Birting Fisheries, Inc.*, 300 B.R. 489, 501 (9th Cir. BAP 2003).

4. The issue of whether or not Unit Corporation improperly modified the Confirmed Plan is a core dispute and thus subject to the exclusive jurisdiction of this Court. Further, the dispute over whether the complained-of behavior represents an issue with modification of the Confirmed Plan or a violation of the Confirmed Plan is itself a core matter subject to the exclusive jurisdiction of the Bankruptcy Court. "Generally, bankruptcy courts have original and exclusive jurisdiction of all cases under title 11 [pursuant to] 28 U.S.C. § 1334(a)." *In re Kake Tribal Corp.*, 2023 WL 6152638, at *7 (Bankr. D. Alaska Sept. 19, 2023). "For example, core proceedings include but are not limited to: plan confirmation." *Id.* This is not a dispute about interpretation of a confirmed plan where parties agree what the terms are that need to be interpreted; rather, there is a fundamental dispute about what the terms of the Confirmed Plan in this case actually are.

5. The leading case cited by the Oklahoma Plaintiffs is *In re Nu-Cast Step & Supply, Inc.*, 639 B.R. 440 (Bankr. E.D. Mich. 2021), which reveals their strategy of ignoring the timeline of this case. In *Nu-Cast*, a bankruptcy court determined that non-exclusive § 1334(b) jurisdiction existed over a dispute whereby the buyer of a debtor's assets pursuant to a stipulated-to bankruptcy order sued a business competitor over intellectual property rights and the business competitor

---

[5] "[T]he Court agrees with the determination of the Bankruptcy Court that it has **exclusive** jurisdiction. The Bankruptcy Court plainly has jurisdiction to interpret and enforce its own prior orders. It is axiomatic that a court possesses the inherent authority to enforce its own orders. A bankruptcy court retains core jurisdiction to interpret and enforce its own prior orders, including and especially confirmation orders. *Dotson v. Energy Future Holdings Corp.*, 2018 WL 2976434, at *7 (W.D. Okla. June 13, 2018) (emphasis supplied) (internal quotations and formatting omitted) *quoting Lyondell*, 445 B.R. at 287 *also quoting Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009).

4

disagreed, arguing that the sale order in the bankruptcy court did not actually transfer any intellectual property to the buyer. *Id.* at 443. That fact pattern is nothing like the instant case. In *Nu-Cast,* the dispute was between a non-debtor party to an uncontested bankruptcy sale order and a third-party with no involvement in the bankruptcy case. Here, the dispute is over the language of a contested bankruptcy plan and confirmation order. The *Nu-Cast* court itself explained why this distinction is crucial: "Judge Shefferly's **exclusive** jurisdiction over the Debtor's bankruptcy case emanated from 28 U.S.C. § 1334(a) because he presided over the Debtor's entire bankruptcy case—which was a 'case under title 11' within the meaning of 28 U.S.C. § 1334(a) over which the federal district court had **exclusive** jurisdiction." *Id.* at 450 (emphasis supplied). The relief that the Oklahoma Plaintiffs are seeking necessarily requires consideration of the making of the Confirmed Plan and Confirmation Order—indeed, it requires that the Releases and the Injunction be rendered invalid. Because such an extraordinary request implicates the function of the actual bankruptcy case itself–a § 1334(a) issue—this Court must be the one to decide it.

### C. Conclusion

6. Unit Corporation denies any wrongdoing, and as detailed in the Motion to Enforce, Unit Corporation's position is that this Court can enforce the Confirmed Plan and under the Releases and Injunction put an end to this dispute in any forum now. If, however, the Court is not prepared to issue a full ruling on the merits of the dispute at this time, Unit Corporation alternatively requests that the Court exercise its exclusive jurisdiction over this dispute and issue a ruling ordering the Confirmed Plan enforced to the extent necessary to dismiss the Oklahoma Litigation.

Respectfully submitted,

**FROST BROWN TODD LLP**

*/s/ Mark A. Platt*
T. Ray Guy, Esq.
Mark A. Platt, Esq.
2101 Cedar Springs Road, Suite 900
Dallas, TX 75201
Telephone: (214) 580-5852
Facsimile: (214) 545-3472
Email: mplatt@fbtlaw.com

Kenneth R. Breitbeil
4400 Post Oak Parkway, Suite 2850
Houston, TX 77027
Telephone: (713) 590-9330
Facsimile: (713) 824-7003
Email: kbreitbeil@fbtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing all those registered to receive such service.

/s/ *Mark Platt*
Mark Platt

0155872.0780738 4880-1678-7869v7

6