# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID M. POARCH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | )   Case No. CIV-23-00798-PRW |
| UNIT CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court are Defendant Unit Corporation's Amended Motion to Stay Case Pending Bankruptcy Appeal (Dkt. 42), Plaintiffs' Response (Dkt. 43), and Unit's Reply (Dkt. 44). For the reasons that follow, the Court **GRANTS** the Motion (Dkt. 42).

### *Background*

This is a breach of contract action arising from a dispute involving a chapter 11 bankruptcy plan confirmed in the United States Bankruptcy Court for the Southern District of Texas.[1] On December 20, 2023, Unit filed a Motion to Dismiss (Dkt. 24), arguing that (1) the Bankruptcy Court has exclusive jurisdiction to determine the merits of the Complaint and (2) Plaintiffs released the right to bring the asserted claims under the terms of the bankruptcy plan. That same day, Unit also filed a motion in the Bankruptcy Court,[2] raising the same substantive arguments and seeking (among other relief) an order

---

[1] *In re: Unit Petroleum Company*, Case No. 20-32738 (Bankr. S.D. Tex.).

[2] Dkt. 164 in *In re: Unit Petroleum Company*, Case No. 20-32738.

1

compelling Plaintiffs to dismiss this case. On September 20, 2024, The Court stayed and administratively closed this matter pending resolution of Unit's Motion in the Bankruptcy Court (Dkt. 37).

On October 4, 2024, United States Bankruptcy Judge Christopher Lopez denied Unit's motion, holding that the claims asserted in this action were not released under the bankruptcy plan and that Plaintiffs were not barred from proceeding in this Court.[3] Unit appealed that decision as to the release issue.[4] The appeal is now fully briefed and pending in the United States District Court for the Southern District of Texas before United States District Judge George C. Hanks, Jr.[5]  Unit now requests that the Court maintain the stay pending resolution of the appeal.

## *Legal Standard*

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'"[6] When determining whether to exercise this power, courts "must weigh competing interests and maintain an even balance."[7] The Tenth Circuit has cautioned that "the right to proceed in court should not be denied except under the most

---

[3] Dkt. 174 in *In re: Unit Petroleum Company*, Case No. 20-32738.

[4] *See* Dkt. 176 in *In re: Unit Petroleum Company*, Case No. 20-32738.

[5] Dkts. 4, 6, and 8 in *Unit Petroleum Company v. Poarch*, CIV-24-4109 (S.D. Tex.).

[6] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).

[7] *Landis*, 299 U.S. at 254–55.

extreme circumstances."[8] Relevant factors to the Court's analysis include whether a stay would (1) promote judicial economy; (2) avoid confusion and inconsistent results; and (3) unduly prejudice the parties or create undue hardship.[9] As the party requesting the stay, Unit "must make a clear case of hardship or inequity in being required to go forward."[10]

### *Analysis*

The Court finds that a stay pending resolution of the appeal is warranted. As an initial matter, the Court declines to speculate as to the merits of Unit's appeal. First, there is substantial overlap between the issues before both this Court and Judge Hanks. "The simultaneous prosecution in two different courts of cases relating to the same parties and issues leads to the wastefulness of time, energy and money."[11] Plaintiffs argue that a stay might only postpone the Court's work, frustrating its interest in moving its docket. But moving forward now would require both courts and the parties to address the same legal issue concurrently—with the possibility that a reversal on appeal would render those efforts moot. Accordingly, judicial economy favors awaiting the outcome of the appeal.

---

[8] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (cleaned up and citation omitted).

[9] *Alzheimer's Inst. of Am. v. Comentis, Inc.*, No. CIV-09-1366-F, 2010 WL 11508734, at *2 (W.D. Okla. Dec. 17, 2010) (citing *Evergreen Holdings, Inc. v. Sequoia Global, Inc.*, Case No. CIV-09-776-F, 2008 WL 4723008 *2 (W.D. Okla. 2008)). Other courts have employed other factors, see *Johnson v. Textron Aviation, Inc.*, No. 23-2378-DDC-RES, 2023 WL 7696870, at *5 (D. Kan. Nov. 15, 2023), but the Court follows the parties' lead and focuses on these three.

[10] *Landis*, 299 U.S. at 255.

[11] *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965).

Second, a stay would minimize the risks of confusion and inconsistent results. If Judge Hanks affirms, this case may proceed unimpeded. If he reverses, Plaintiffs may be compelled to dismiss their claims. Plaintiffs suggest that the Court should allow discovery to proceed in the interim, but, as Unit argues, in this breach of contract case, the need for expedient discovery is outweighed by the possibility of reversal, which could render those discovery efforts futile.

Third, Unit has demonstrated a clear case of hardship in being required to proceed. Requiring Unit to litigate this case while simultaneously pursuing appellate relief in Texas creates undue hardship. Plaintiffs assert that a stay of indefinite duration would prejudice them but offer no specific explanation as to how. To the contrary, the pending appeal is fully briefed, and there is no indication that a ruling would be unreasonably delayed. The possibility of prejudice to Plaintiffs is therefore minimal, especially when weighed against the possible cost to all the parties of duplicative litigation.

## *Conclusion*

Accordingly, the Court **ORDERS** that the matter remain stayed and administratively closed pending resolution of the appeal. The Court **DIRECTS** the parties to file a joint status report informing the Court about the outcome of the appeal within fifteen days of Judge Hanks's disposition of the matter. Said status report must advise the Court as to whether the stay should be lifted and the case reopened for further proceedings.

**IT IS SO ORDERED** this 13th day of June 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE