## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID M. POARCH, *et al*., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) Case No. CIV-23-00798-PRW |
| UNIT CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## UNIT CORPORATION'S MOTION TO CONTINUE STAY PENDING APPEAL AND BRIEF IN SUPPORT

Defendant Unit Corporation respectfully moves the Court to continue the current stay of these proceedings pending resolution of Unit's appeal to the U.S. Court of Appeals for the Fifth Circuit.

The Court first stayed this action in October 2024 because Unit had moved the U.S. Bankruptcy Court for the Southern District of Texas to rule that this lawsuit was barred by the Confirmed Plan in the underlying bankruptcy. The Bankruptcy Court denied the motion and Unit appealed that ruling to the district court. This Court then entered an order directing that this matter "remain stayed and administratively closed pending resolution of the appeal." [Doc. 47].

On March 31, 2026, the Texas District Court affirmed the Bankruptcy Court's ruling. Unit has now appealed to the U.S. Court of Appeals for the Fifth Circuit. Unit respectfully requests that this Court continue its stay—just as it did during the appeal from

1

Bankruptcy Court to District Court—during the pendency of Unit's appeal to the Fifth Circuit.

## FACT BACKGROUND

In 2020, Unit filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, styled as *In re Unit Petroleum Company*, Case No. 20-32738 (Bankr. S.D. Tex.) (the "Bankruptcy Action").[1] Plaintiffs David M. Poarch, R. Brett Kramer, individually and as trustee of the R. Brett Kramer Trust B, and PJ Oil LLC (collectively, "Plaintiffs") claim to be former holders of "Unit Corp. Interests" as defined under Unit's Chapter 11 bankruptcy plan (the "Plan"), which the Bankruptcy Court confirmed in its Confirmation Order. (Doc. 340, Bankruptcy Action, the "Confirmation Order.")

In September 2023, Plaintiffs filed their Class Action Complaint in this action (the "Oklahoma Action") [as amended, Doc. 13, the "Amended Complaint"]. The Amended Complaint alleges that Unit breached the Plan by failing to issue warrants to which Plaintiffs claim they are entitled. Plaintiffs seek injunctive relief directing Unit to issue warrants pursuant to their interpretation of the Plan. *Id.*

Arguing that the Bankruptcy Court had exclusive jurisdiction over the matters alleged in the Amended Complaint, Unit filed a Motion to Dismiss in the Oklahoma Action on December 20, 2023. [Doc. 24, "Motion to Dismiss"]. On the same day, Unit filed in the Texas Bankruptcy Court its Motion for an Order Enforcing the Confirmation Order in the

---

[1] Unit is one of the Reorganized Debtors in the chapter 11 cases that were previously jointly administered under Case No. 20-32740.  Pursuant to the Final Decree in that case, Unit's case is now being jointly administered under the Bankruptcy Action.

Bankruptcy Action, seeking, among other things, an order compelling Plaintiffs to dismiss the Oklahoma Action based on the releases contained in the Plan and Confirmation Order. (Doc. 164, Bankruptcy Action.)

On September 9, 2024, this Court issued an order ruling: (1) this matter was stayed pending resolution of Unit Corporation's motion in the Bankruptcy Court; (2) directing the Court Clerk to administratively close this matter pending resolution of that motion; and (3) directing the parties to notify this Court about the outcome of the motion within fifteen (15) days of a ruling. [Doc. 37]

The Hon. Christopher Lopez, U.S. Bankruptcy Judge for the Southern District of Texas, denied Unit's motion. [Doc. 174, Texas Bankruptcy]. Unit appealed that ruling to the U.S. District Court for the Southern District of Texas. Unit then requested a continuation of the stay in this action pending the outcome of that appeal. [Doc. 42].

On June 16, 2025, this Court issued an order ("Stay Order") ruling that: (1) a stay was warranted in light of the substantial overlap between the issues before this Court and the Texas District Court, which would require both courts and parties to address the same legal issues concurrently with possibility that a reversal on appeal would render those efforts moot; (2) a stay would minimize the risk of confusion and inconsistent results and a possibility of reversal on appeal could compel Plaintiffs to dismiss their claims, which would render any discovery efforts futile; and (3) dual litigation creates undue hardship and a limited stay through appellate avenues does not prejudice Plaintiffs, especially when weighed against the possible cost to all parties of duplicative litigation. [Doc. 47] The Court ordered the matter remain stayed pending resolution of the appeal. *Id.* The Court directed

the parties to file a joint status report informing the Court of the outcome of the appeal within fifteen days of a ruling and to advise the Court as to whether the parties believe the stay should be lifted for further proceedings. *Id.*

On March 31, 2026, the Hon. George C. Hanks, Jr., United States District Judge for the United States District Court, Southern District of Texas entered (1) a Final Judgment and (2) an Opinion and Order, affirming the Bankruptcy Court's order. [*Unit Corporation v. David M. Poarch, et al*.; Civil Action No. 4:24-cv-04109 (*In re: Unit Petroleum Company*; Bankruptcy Case No. 20-32738); Doc. Nos. 11, 12] On April 13, 2026, Unit filed its Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. [Doc. 13, Texas District Court Action]. On April 14, 2026, the parties submitted a status report, per the Court's First Stay Order, advising the Court of Judge Hanks's ruling, Unit's Fifth Circuit appeal, and Unit's request (opposed by Plaintiffs) that the stay remain in place. [Doc. 48].

## ARGUMENT AND AUTHORITIES

Unit seeks a continued stay of this civil action until its appeal to the U.S. Court of Appeals for the Fifth Circuit is resolved. The requested stay will avoid duplicative litigation, preserve judicial and party resources, and potentially help narrow the issues in this case.

I.    **As this Court has already held, the Texas Bankruptcy Court—and subsequent appellate courts—are "best situated" to hear and resolve the issues regarding release of Plaintiffs' claims.**

In considering Unit's Motion to Dismiss, this Court has acknowledged that "[r]esolution of Unit's motion in the bankruptcy court will thus directly impact the

disposition of this matter." [Doc 37]. The Court then concluded that "the bankruptcy court, having considerably more familiarity with the matter, is best situated to resolve the common questions raised in the two motions." *Id.* This analysis is correct and fully applicable while the Bankruptcy Order is on appeal.[2]

In summary of the most critical points and authorities urged in Unit's Motion to Dismiss, Unit reiterates that the Texas Bankruptcy Court—and now the Fifth Circuit, reviewing the Bankruptcy Court's ruling—are the proper courts to hear the disputes in this matter pursuant to:

(1) the Plan's Confirmation Order ("The Court may properly, and upon the Effective Date shall, retain exclusive jurisdiction over all matters arising in or related to, the Chapter 11 Cases, including the matters set forth in Article XII of the Plan and section 1142 of the Bankruptcy Code.");

(2) Section 1142(b) of chapter 11 of title 11 of the United States Code ("The court may direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act, including the satisfaction of any lien, that is necessary for the consummation of the plan."); and

---

[2] For brevity and to avoid duplicative briefing, Unit adopts and incorporates its arguments and authorities relating to the Bankruptcy Court's exclusive jurisdiction as briefed in Unit's Motion to Dismiss [Doc. No. 24] and its Reply in Support of its Motion to Dismiss [Doc. No. 36].

(3) Rule 3020(d) of the Federal Rules of Bankruptcy Procedure ("After a plan is confirmed, the court may continue to issue orders needed to administer the estate.").

The Bankruptcy Court has jurisdiction "to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009). Courts have also held that a bankruptcy court has exclusive jurisdiction to interpret and enforce its Plan and Confirmation Order. *See, e.g.*, *In re Lyondell Chem. Co.*, 445 B.R. 277, 287 (Bankr. S.D.N.Y. 2011); *In re Palmaz Sci. Inc.*, 562 B.R. 331, 335 (Bankr. W.D. Tex. 2016) (citing *In re Birting Fisheries, Inc.*, 300 B.R. 489, 501 (9th Cir. BAP 2003)).

Here, the Bankruptcy Court and the reviewing appellate courts—including now the Fifth Circuit—remain best situated to resolve the dispositive issue: whether Plaintiffs' lawsuit is barred by the Plan and Confirmation Order. Plaintiffs' allegations in the Oklahoma Action relate exclusively to the interpretation and enforcement of these two documents. Further, the Bankruptcy Order on appeal squarely addresses whether Plaintiffs even have a right to bring the claims they assert in the Oklahoma Action, or whether they released those claims in the bankruptcy. While the Bankruptcy Court held that Plaintiffs are not precluded from proceeding in the Oklahoma Action, the Fifth Circuit may reverse on appeal. As such, staying this matter while the Bankruptcy Action can proceed through the court system to final resolution is proper.

## II.     This Court should continue its stay in accordance with its prior Order.

This Court has already determined that a stay is warranted under the governing legal standard, and the factors supporting that determination remain unchanged. The sole

6

development since entry of the Court's Stay Order is procedural: the appeal of the Bankruptcy Court's ruling has progressed from the Texas District Court to the United States Court of Appeals for the Fifth Circuit. That progress does not diminish— and in several respects underscores—the considerations that led this Court to stay the case in the first instance. As before, the appeal presents dispositive issues that substantially overlap with those pending here; a reversal would foreclose Plaintiffs' claims entirely; and proceeding in the interim would risk unnecessary duplication, inefficiency, and inconsistent results. Accordingly, the Court's prior reasoning applies with equal force at this stage of the appellate process.

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of economy of time and effort for itself, for counsel, and for litigants." *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (citations omitted) *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). This Court has already exercised that authority and expressly found that a stay is warranted under these principles, and the circumstances supporting that determination remain unchanged notwithstanding the appeal's progression to the Fifth Circuit. [Doc. 47].

Courts within the Tenth Circuit, including this Court, have found good cause exists to stay proceedings pending resolution of an appeal. *See, e.g.*, *Smith v. Allbaugh*, No. CIV-19-470-G, 2020 WL 8678728, at *1 (W.D. Okla. July 17, 2020) (granting a motion to stay

pending resolution of an interlocutory appeal); *Titan Holdings, LLC v. Under Armour, Inc.*, No. CIV-11-777-D, 2012 WL 2885768, at *1 (W.D. Okla. July 13, 2012) (acknowledging that a party "typically asks the Court to stay one proceeding pending the outcome of related litigation"); *Frank v. Crawley Petroleum Corp.*, No. 5:14-cv-001193-R, Doc. No. 150 (W.D. Okla. May 23, 2017) (granting stay and striking scheduling order pending resolution of appeal of another case, where the appellate decision would be "informative and relevant to the merits of this case").

Factors that may be relevant to a Court's discretionary decision to stay a case include: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Evergreen Holdings, Inc. v. Sequoia Glob., Inc.*, No. CIV-08-776-F, 2008 WL 4723008, at *2 (W.D. Okla. Oct. 23, 2008) (finding a stay was warranted in trade secret case during pendency of arbitration addressing same issues); *see also Smith v. Allbaugh*, No. CIV-19-470-G, 2020 WL 8678728, at *1 (W.D. Okla. July 17, 2020) (holding the "interests of judicial economy and resources, as well as the interests of convenience and expense to parties, counsel, and witnesses, are best served by staying the entire case"); *Alzheimer's Inst. of Am. v. Comentis, Inc.*, CIV-09-1366-F, 2010 WL 11508734, at *2 (W.D. Okla. Dec. 17, 2010).

### 1. *Judicial economy continues to favor a stay.*

As this Court previously found, there is "substantial overlap between the issues before this Court" and the appellate court, such that allowing the case to proceed would require "both courts and the parties to address the same legal issue concurrently—with the

8

possibility that a reversal on appeal would render those efforts moot." [Doc. 47 at 3]. Here, a stay would promote economy and efficiency for all parties because the issues and damages alleged by Plaintiffs are impacted by the enforcement and interpretation of the Plan and Confirmation Order in the Bankruptcy Court. "The simultaneous prosecution in two different courts of cases relating to the same parties and issues 'leads to the wastefulness of time, energy and money.'" *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965) (also stating that "[t]he first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated."); *see also Buzas Baseball, Inc. v. Bd. of Regents of Univ. Sys. of Ga.*, 189 F.3d 477 (10th Cir. 1999) ("Federal courts have recognized that, as courts of coordinate jurisdiction and equal rank, they must be careful to avoid interfering with each other's affairs in order "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.").

In this action, Plaintiffs allege that Unit has not executed the Plan in compliance with the terms approved by the Bankruptcy Court. Those issues overlap entirely with the Bankruptcy Court's jurisdiction and ability to interpret, clarify, and enforce its own orders—rulings that are now on review in the Fifth Circuit. Case law supports a discretionary stay to preserve judicial and party resources, especially regarding questions of contract validity and interpretation. *See Cross Media Works, Inc. v. Reid*, No. CIV-10-401-D, 2010 WL 4811758, at *4 (W.D. Okla. Nov. 19, 2010). In *Cross Media Works*, the court stayed its proceedings in order to "avoid the risk of duplicative discovery and

9

litigation on the issue of the validity of" a certain contract. Two pending proceedings were related, and "the issue of whether there was a valid and enforceable contract . . . [was] present in both cases." *Id.* Ultimately, the court decided that the "issue of the validity of the . . . contract . . . only needs to be litigated once," and granted a stay to "promote judicial economy as well as avoid duplicative efforts by the parties." *Id.*

Here, too, the most efficient course of action is to allow the Texas bankruptcy court system to come to a final judgment before continuing litigation here. Unit should be able to pursue its appellate rights without the unnecessary burden of simultaneously litigating the same dispositive issues in this Court while pursuing review before the Fifth Circuit. Thus, a stay is proper in the interests of judicial economy. *See, e.g.*, *Pine Tel. Co. v. Alcatel-Lucent USA, Inc.*, No. CIV-11-353-JHP-KEW, at *1 (E.D. Okla. June 19, 2014) (staying motions pending resolution of appeal "in the best interest of the parties and in the interest of judicial economy").

### 2. *Continuing the stay avoids inconsistent rulings.*

A stay is proper where it can avoid duplicative litigation. *See Evergreen*, 2008 WL 4723008, at *2 (holding "a stay of this proceeding may avoid possible inconsistent rulings"); *see also USA-1 Constr., Inc. v. Embree Constr. Grp., Inc*., No. CIV-14-1206-D, 2015 WL 12781023, at *2 (W.D. Okla. Jan. 26, 2015) ("In light of the identity of issues, it would be duplicative and uneconomical to proceed with this action. Moreover, simultaneous proceedings could subject the parties to inconsistent rulings"); *Coseka Res. (U.S.A.) Ltd. v. Jordan*, 75 F.R.D. 694, 696 (W.D. Okla. 1977) (ruling to stay proceedings

"pending the final outcome" of the other suit because "the possibility exists of inconsistent decisions").

Just as the Bankruptcy Court's decision on Unit's Motion to Enforce would "directly impact the disposition of" Unit's Motion to Dismiss in this action, so too will the appeal of the Bankruptcy Order to the Fifth Circuit. [Doc. 37]. In its Motion to Enforce, Unit explicitly requested the Bankruptcy Court rule that Plaintiffs' claims in the Oklahoma Action are precluded by the release of claims under the Plan and Confirmation Order [Doc. 320, Bankruptcy Action]. Although the Bankruptcy Court did not grant the requested relief, that decision may be reversed on appeal. Should this Court allow this case to proceed while the appeal is pending, there is a risk of inconsistent results. Proceeding now would therefore risk not merely inefficiency, but the unnecessary adjudication of claims that may soon be extinguished as a matter of law. Given Unit's appeal of the Bankruptcy Order, a stay in this case also avoids duplicative litigation or re-litigating issues if an appeal changes the current holding on the propriety of the Oklahoma Action.

### 3. *Plaintiffs would not be unduly prejudiced by a continuation of the stay.*

This Court has already rejected Plaintiffs' argument that discovery should proceed notwithstanding the appeal, correctly concluding that the possibility of reversal "could render those discovery efforts futile" and that the need for expedient discovery is outweighed by the risks of inefficiency and inconsistency. [Doc. 47 at 4]. Plaintiffs will not be prejudiced by a continued stay of this action while the dispositive issues are actively being litigated in another jurisdiction. Regardless of whether the Fifth Circuit affirms or reverses the Bankruptcy Court's Order, the resulting final judgment will be informative for

all parties—and this Court—as a finding of a release of the Plaintiffs' claims will be dispositive of this Oklahoma Action. If anything, Plaintiffs and Unit both risk substantial harm should this case proceed in litigation only to receive an appellate decision reversing the Bankruptcy Order and finding that Plaintiffs released their claims and are precluded from bringing the Oklahoma Action.

As before, the current stay is limited in scope and duration, tied to resolution of a pending appeal, and subject to prompt status reporting—features this Court previously found sufficient to avoid prejudice to Plaintiffs. [Doc. 47]. Thus, the Court should continue its stay pending the resolution of Unit Corporation's appeal to the Fifth Circuit.

## CONCLUSION

For the foregoing reasons, Unit Corporation respectfully requests that this matter remain stayed and administratively closed pending resolution of Unit's appeal before the United States Court of Appeals for the Fifth Circuit, with further proceedings to be addressed upon final appellate disposition.

/s/ Laura J. Long
Spencer F. Smith, OBA No. 20430
Laura J. Long, OBA No. 22215
**MCAFEE & TAFT A PROFESSIONAL CORPORATION**
Eighth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-9621
Facsimile: (405) 235-0439
spencer.smith@mcafeetaft.com
laura.long@mcafeetaft.com

**–AND–**

12

L. Vance Brown
Eric L. Huddleston
**ELIAS BOOKS BROWN & NELSON, P.C.**
Two Leadership Square
211 N. Robinson, Suite 1300 South
Oklahoma City, Oklahoma 73102
Telephone: (405) 208-8555
vbrown@eliasbooks.com
ehuddleston@eliasbooks.com

**-AND-**

<u>Of Counsel:</u>
T. Ray Guy, Esq.*
Mark A. Platt, Esq.*
**FBT GIBBONS LLP**
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
Telephone: (214) 580-5852
Facsimile:  (214) 545-3472
rguy@fbtgibbons.com
mplatt@fbtgibbons.com

Kenneth R. Breitbeil, Esq.*
**FBT GIBBONS LLP**
1100 Louisiana, Suite 4300
Houston, Texas 77002
Telephone: (713) 590-9330
Facsimile: (713) 590-9399
kbreitbeil@fbtgibbons.com
**ATTORNEYS FOR DEFENDANTS**

13

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 21st day of April 2026, caused a true and correct copy of the foregoing document to be filed via the Court's CM/ECF system, which will affect service on all counsel or record listed below:

Robert J. Bartz, OBA No. 580
**BARBER & BARTZ, P.C.**
525 S. Main Street, Suite 800
Tulsa, Oklahoma 74103-4511
Telephone: (918) 599-7755
Facsimile: (918) 599-7756
rbartz@barberbartz.com


Douglas J. McGill (admitted *pro hac vice*)
**WEBBER MCGILL LLC**
100 E. Hanover Avenue, Suite 401
Cedar Knolls, New Jersey 07927
Telephone: (973) 739-9559
Facsimile: (973) 739-9575
dmcgill@webbermcgill.com

**ATTORNEYS FOR PLAINTIFFS**


/s/ *Laura J. Long*

14