**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA**

DAVID M. POARCH; R. BRETT KRAMER, )
individually and as trustee of the R. Brett )
Kramer Trust B; and PJ OIL LLC, On Behalf )
of Themselves and All Others Similarly )
Situated )
                                     )   Case No. CIV-23-798-PRW
                 Plaintiffs, )
                                      )
                 v. )
                                        )
UNIT CORPORATION, )
                                        )
                 Defendant. )
                                        )

## <u>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S<br>MOTION TO CONTINUE STAY CASE PENDING APPEAL</u>

Plaintiffs David M. Poarch, R. Brett Kramer, individually and as trustee of the R.

Brett Kramer Trust B, and PJ Oil LLC (collectively, "**Plaintiffs**"), on behalf of themselves

and all others similarly situated, hereby respond in opposition to Defendant Unit

Corporation's ("**Defendant**" or "**Unit Corp**.") Motion to Continue Stay Pending Appeal

[Docket No. 49] (the "**Motion**"), and respectfully state:

## <u>BACKGROUND</u>

The relevant factual background is primarily set forth in Plaintiffs' Opposition

[Docket No. 35] (incorporated herein by reference) ("**Opposition**") to Defendant's Motion

to Dismiss Plaintiffs' Amended Complaint in this Court [Docket No. 24] ("**Motion to**

**Dismiss**").

Additionally, on September 9, 2024, this Court issued an order (the "Stay Order") ruling: (1) this matter was stayed pending resolution of Unit Corp.'s motion in the Bankruptcy Court; (2) directing the Court Clerk to administratively close this matter pending resolution of that motion; and (3) directing the parties to notify this Court about the outcome of the motion within fifteen (15) days of a ruling. [Docket No. 37].

The Hon. Christopher Lopez, U.S. Bankruptcy Judge for the Southern District of Texas, denied Unit Corp.'s motion, whereupon Unit Corp. appealed that ruling to the U.S. District Court for the Southern District of Texas. Unit then requested a continuation of the stay in this action pending the outcome of that appeal. [Docket No. 42].

On June 16, 2025, this Court issued an order staying this action pending resolution of Unit Corp.'s appeal to the Texas District Court. [Docket No. 47]. The Court directed the parties to file a joint status report informing the Court of the outcome of the appeal within fifteen days of a ruling and to advise the Court as to whether the parties believe the stay should be lifted for further proceedings. *Id*.

On March 31, 2026, the Hon. George C. Hanks, Jr., United States District Judge for the United States District Court, Southern District of Texas entered (1) a Final Judgment and (2) a Memorandum Opinion and Order[1], affirming the Bankruptcy Court's Order. On April 13, 2026, Unit filed its Notice of Appeal to the United States Court of Appeals for the Fifth Circuit. On April 14, 2026, the parties submitted a status report, per the Court's Stay Order, advising this Court of Judge Hanks's ruling, Unit's Fifth Circuit appeal, and

---

[1] A true and correct copy of Judge Hanks's Memorandum Opinion and Order is attached hereto as Exhibit A.

Unit's request (opposed by Plaintiffs) that the stay of this action remain in place. [Docket No. 48].

### ARGUMENT

I. **IT IS UNLIKELY THAT DEFENDANT'S APPEAL OF THE DISTRICT COURT'S AFFIRMANCE OF THE BANKRUPTCY COURT'S ORDER WILL BE SUCCESSFUL**

For reasons explained in Plaintiffs' Opposition to Defendant's Motion to Dismiss, Defendant's request for continuation of the stay rests on dubious prospects for a successful appeal of the Texas District Court's affirmance of the Bankruptcy Court's Order.[2]   It is hornbook bankruptcy law that aggrieved parties in interest may sue for breach of a bankruptcy plan, *see, e.g., Murdock v. Holquin*, 323 B.R. 275, 282 (N.D.Cal. 2005) (citing *In re Xofox Indus. Ltd.*, 241 B.R. 541, 544 (Bankr. E.D.Mich. 1999), and it is respectfully submitted that there is not a single reported decision throughout the country to the contrary.

As set forth in its Motion to Dismiss, Defendant appears to assert that Plaintiffs have no cause of action for breach because it properly modified the Plan so that it has not breached the Plan.  The Bankruptcy Court found this conclusory argument unworthy of any analysis, presumably because, while Defendant is free to raise this amendment issue as a defense, this issue is not a basis on which to conclude that the claims asserted in the Complaint have been released and/or enjoined under the Plan.  The District Court for the Southern District of Texas reached this conclusion, explaining:

> Unit contends that the bankruptcy court erred because the Oklahoma litigation is actually "a collateral attack on specific terms of the Plan and

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in Defendant's Motion.

Confirmation Order[.]" (Dkt. 4 at p. 20). The "specific terms" to which Unit refers gave Unit the ability "to revise the form of [the] warrant agreement after confirmation and before the Effective Date." (Dkt. 4 at p. 20). Unit argues that, since the plan allowed it to revise the form of the warrant agreement to remove the Oklahoma Plaintiffs' protection against dilution, the Oklahoma Plaintiffs cannot prove a violation of the plan and must in actuality be mounting an attack on the terms of the plan that allowed such a revision. (Dkt. 4 at p. 20). The Court respectfully disagrees. To reiterate, the Oklahoma litigation alleges that Unit failed to comply with post-effective-date obligations that were created by the plan. Unit's responsive contention—that the plan permitted the modification Unit made—can possibly be used to defend against the Oklahoma Plaintiffs' claims on the merits, but it cannot be employed to recast the Oklahoma litigation in a manner that brings it within the scope of the release (citation omitted).

*Judge Hanks's Memorandum Opinion and Order, at p. 5-6.*

Moreover, and notwithstanding the hornbook law favoring Plaintiffs, the United States Supreme Court has recognized, with approval, that "[n]umerous Courts of Appeals have held that a bankruptcy court's interpretation of its own confirmation order is entitled to substantial deference." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 n.4 (2009) (collecting cases). For the foregoing reasons, Defendant has little chance of prevailing on appeal of the to the Fifth Circuit.

## II. A GENERAL STAY IS UNWARRANTED AND THE COURT SHOULD PERMIT DISCOVERY TO PROCEED

Against this backdrop, continuation of the stay of this case is unwarranted. For the reasons set forth below, consideration of the factors relied upon by Defendant weigh against ordering a stay.

### 1. A Continued Stay Would Not Further the Interest of Judicial Economy

Contrary to Defendant's assertion, a general stay will not further the interest of judicial economy. This case will proceed in this Court or in the Texas Bankruptcy Court.

Faced with a similar venue question, the court in *Johnson v. Textron Aviation, Inc*. denied a request for a general stay, explaining:

> The Court does not find that a wholesale stay will save the Court time, effort, or resources as this case will continue to be litigated in either this District or elsewhere. While the Court will not speculate as to the outcome of the jurisdictional issues in Connecticut, the Court finds that a wholesale stay here may "only postpone the court's work, thereby frustrating the court's strong interest in moving its docket." The Court therefore finds that this factor weighs against a wholesale stay.

2023 WL 7696870 *6 (D. Kan. 2023) (internal quotation omitted).

### 2. Allowing Discovery to Proceed Will Not Raise the Prospect of Inconsistent Rulings

Courts have "recognized the efficiencies to be gained by allowing limited discovery to go forward when a case will proceed in one of two forums, and the discovery would be needed in either forum." *See id*. at *7 (citing *Kruse v. Gerdisch*, 2023 WL 6880136 *3 (D. Kan. 2018)). This case is now 2 ½ years old and, due to much procedural maneuvering, it remains in its early stages. The Court should permit discovery to proceed; as every day that passes, Plaintiffs suffer further damage. The Court can permit discovery to proceed and otherwise tailor the pretrial schedule so as to avoid the risk of inconsistent rulings; indeed, it seems unlikely that a trial would occur in this Court before Defendant's pending appeal in the Fifth Circuit is decided.

### 3. Plaintiffs Would Be Unduly Prejudiced By Continuation of a General Stay

The potential prejudice to Plaintiffs of a further stay further militates against granting Defendant's Motion. As noted, this case is already 2 ½ years old. The dubious merits of Defendants' appeal, and the prospect of a lengthy passage of time before the

appeal is decided, stand to unduly prejudice Plaintiffs if a general stay is continued in effect. In *Kramer v. Textron Aviation, Inc.*, 2021 WL 4902249 (D. Kan. 2021), the court found that the party opposing a motion for a general stay would be unduly prejudiced by the prospect of a stay of indeterminate length. *Id*. at *4. The Kramer court denied the stay motion, stating, "[a]llowing time to pass without discovery only increases the potential burden to not only defendants, but to all parties. Any discovery which proceeds on the merits of the claims will occur in whichever forum this case proceeds, between the same parties named in both courts, and will therefore not be wasteful." *Id*. at *4; *see also Johnson v. Textron Aviation, Inc.*, 2023 WL 7696870 at *6 (quoting *Kramer v. Textron Aviation, Inc.*).

## CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, Plaintiffs respectfully request that the Court enter an order denying Defendant's Motion, and granting such other and further relief as the Court seems just and proper.

Dated: April 21, 2026

**BARBER & BARTZ, P.C.**

s/ Robert J. Bartz
Robert J. Bartz, OBA #580
525 S. Main Street, Suite 800
Tulsa, Oklahoma 74103-4511
Telephone:  (918) 599-7755
Facsimile:  (918) 599-7756
Email: rbartz@barberbartz.com

-and-

**WEBBER MCGILL LLC**
Douglas J. McGill (admitted *pro hac vice*)
100 E. Hanover Avenue, Suite 401
Cedar Knolls, New Jersey 07927
Tel:  (973) 739-9559
Fax: (973) 739-9575
dmcgill@webbermcgill.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that I have, on this 21st day of April 2026, caused a true and correct copy of the foregoing document to be filed via the Court's CM/ECF system, which will effect service on all counsel or record listed below:

Spencer F. Smith
Laura J. Long
MCAFEE & TAFT A PROFESSIONAL
CORPORATION
Eighth Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, Oklahoma 73102
spencer.smith@mcafeetaft.com
laura.long@mcafeetaft.com

L. Vance Brown
Eric L. Huddleston
ELIAS BOOKS BROWN & NELSON, P.C.
Two Leadership Square
211 N. Robinson, Suite 1300 South
Oklahoma City, Oklahoma 73102
vbrown@eliasbooks.com
ehuddleston@eliasbooks.com

Of Counsel:
T. Ray Guy
Mark A. Platt
FBT GIBBONS LLP
2101 Cedar Springs Road, Suite 900
Dallas, Texas 75201
rguy@fbtgibbons.com
mplatt@fbtgibbons.com

Kenneth R. Breitbeil
FBT GIBBONS LLP
1100 Louisiana, Suite 4300
Houston, Texas 77002
kbreitbeil@fbtgibbons.com
**ATTORNEYS FOR DEFENDANTS**

s/ Robert J. Bartz
Robert J. Bartz

13517-01